RALPH PELLECCHIA, PROSECUTOR, v. VIRGINIUS D. MATTIA, ANTHONY F. MINISI AND THE BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, DEFENDANTS.

Argued May 3, 1938—Decided August 11, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Bilder, Bilder & Kaufman* (*Samuel Kaufman, Daniel G. Kasen* and *Morris M. Schnitzer*).

For the defendants, *Thomas M. Kane, Joseph A. Ward* and *James F. X. O'Brien.*

The opinion of the court was delivered by

CASE, J.   On or shortly before July 19th, 1933, Reginald Parnell, director of revenue and finance of the city of Newark, in which department lay the duties of tax receiver, appointed Ralph Pellecchia acting receiver of taxes.   Pellecchia served in that capacity until October 15th, 1936, when his services were summarily, and without charges or hearing, terminated by A. F. Minisi who had meanwhile succeeded Parnell as director of revenue and finance.   The next day, or within a few days, Director Minisi appointed Virginius D. Mattia to the office of receiver of taxes "for the term of three years in accordance with the statute of the State of New Jersey and ordinances of the city of Newark."   Pellecchia thereupon filed an information in the nature of a *quo warranto* to test the legality of his removal.   He met with adverse judgment in that proceeding.   *Pellecchia* v. *Mattia,* 118 *N. J. L.* 512.   He thereupon pursued his objective by writ of *certiorari* of which this is now the return.   His argument is that he was unlawfully discharged and ousted from a position and employment before the expiration of the term for which the appointment was made and to that end contends that his term of office (*sic*) was co-extensive with that of the board of commissioners under which he was appointed—namely, the spring of 1937.   It was determined in the *quo warranto* suit that there was no such office as that of acting receiver and that Pellecchia held only a position or perhaps merely an employment.   The authority of the city of Newark to provide for the appointment of and to fix the term of a receiver of taxes is discussed in the *quo warranto* decision *supra* and in *Mattia* v. *Newark,* 119 *N. J. L.* 268.   It sufficiently appears there that there is in Newark the office of

receiver of taxes and that the term of the receiver is three years. Had Pellecchia been appointed receiver instead of acting receiver his term would have expired before the time of his actual removal.

We know what a receiver is. That appears in the statute and in the ordinance. But what is an *acting* receiver? Webster's New International Dictionary defines the word "acting," in this use, as: "Doing duty (for another); officiating; holding a temporary rank or position or performing services temporarily; as, an *acting* captain, manager, president." That definition conforms, we think, to the general acceptance of the word. By application of it to the facts of the case we have Pellecchia appointed temporarily to perform the duties of an office which he does not hold and which is at the time vacant, namely, that of receiver of taxes. Whether there was authority for the appointment of an acting receiver need not be considered. The term, or the period of employment or retention, whatever descriptive phrase be selected, would not reasonably extend beyond the appointment of an actual receiver and the readiness of the latter to serve. The inconsistency of an opposite course is, we think, apparent. Further, it is unfortunate if an appointing body, in naming a person to act temporarily during the exigency of a vacancy, becomes thereby estopped from filling the office.

Pellecchia makes no claim to any employment outside that of acting receiver. It was lawful, we think, for that employment to be ended when the need for it no longer existed. There was no need for an acting receiver and a receiver to be working side by side. If the appointment of a receiver was lawful, and this court held in *Mattia* v. *Newark, supra,* that it was, the conclusion seems inevitable. Pellecchia does not dispute the legality of Mattia's appointment, his only contention in that direction being that the assumption by Mattia of the duties theretofore performed by Pellecchia was unlawful. For the reasons stated we think that the acting receiver was a temporary appointment, the occasion for which ended when the receiver was appointed and qualified.

The writ is dismissed, with costs.